UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | 04 B 38 |
| SILVO HARDWARE COMPANY, | ) | |
| | ) | |
| Debtor | ) | |

**AGREED INTERIM ORDER AUTHORIZING DEBTOR TO
USE COLLATERAL OF ASSERTED SECURED LENDER,**

This case having come before this Court on the "Debtor's Emergency Motion for Authority to Use Collateral of Asserted Secured Lender" pursuant to §363 of the Bankruptcy Code, the Court having held a preliminary hearing on said motion, no objection to said motion having been made by any party in interest, and the Debtor and lender American United Bank, of Schaumburg, Illinois ("the Bank") having agreed to the entry of this Order:

IT APPEARING THAT:

1. The Debtor's Chapter 11 petition was filed on January 2, 2004, and the Debtor is operating its business as a Debtor-in-Possession.

2. The Bank asserts a claim of at least $277,000, which it alleges is secured by a first-priority security interest in substantially all of the assets of the Debtor ("the Collateral"), which Collateral is used by the Debtor in the operation of its business.

4. The Debtor wishes to use proceeds from the sales of its products and the collection of accounts to purchase inventory, supplies, and services in the ordinary course of its business. However, said proceeds appear to constitute "Cash Collateral" of the Bank as that term is utilized in §363(a) of the Bankruptcy Code, which cannot be utilized by the Debtor without Court approval. The Debtor's operations will be disrupted and its opportunity for reorganization will be substantially reduced if it is unable to use the Collateral and the Cash Collateral in the ordinary course of its business during its Chapter 11 case.

5. The Bank and the Debtor have agreed, subject to approval by this Court, that during the Chapter 11 case the Bank shall continue to have a lien on the assets of the Debtor to the extent of its lien as of the date of the filing of the Debtor's Chapter 11 petition. In return for the Debtor's performance of such agreement, the Bank has agreed to allow the Debtor to use the Collateral and the Cash Collateral in the ordinary course of business during the Debtor's Chapter 11 case through February 29, 2004 pursuant to the monthly budget attached to said motion; provided that if the Debtor wishes to expend more than 20 % in excess of the sum of expenditures stated in the budget for any month, it must seek prior written approval of the Bank or prior authorization from the Court. (In January the Debtor operated under a budget agreed to between the Bank and it.)

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

A. The Debtor's use of the Collateral and the Cash Collateral during January pursuant to agreement with the Bank is ratified;

B. Until the Court enters an order after the final hearing on said motion, the Debtor is authorized to use the Collateral and the Cash Collateral in the ordinary course of its business to the extent necessary or proper to avoid immediate and irreparable harm to the Debtor's Chapter 11 estate pursuant to the budget for February attached to said motion;

C. If the Debtor wishes to expend more than 20 % in excess of the sum of expenditures stated in the budget for February, it must seek prior written approval of the Bank or prior authorization from the Court.

D. As adequate protection for the use of the funds in which the Bank asserts a Cash Collateral interest, the Bank is hereby granted a security interest, deemed perfected on the entry of this order, to the extent that the Bank's cash collateral is used and to the extent and with the same priority in the Debtor's postpetition collateral and proceeds thereof that US Bank held prepetition.

E. This order is deemed effective as of the Petition Date and shall remain in effect until the entry

of an order by this Court after a final hearing on said motion, unless previously terminated on the entry of an order of this Court finding a material breach of this order (without prejudice to the Debtor's right to seek authority from this Court for use of cash collateral upon the provision of adequate protection as provided by law) or on the appointment of a trustee, the conversion of this case to that under Chapter 7 of the Bankruptcy Code, or the dismissal of this case. Upon any such termination, all rights to use cash collateral granted herein shall immediately terminate,.

F. If this order is hereafter modified, vacated, or stayed by court order, any such order shall not affect the validity or enforceability of any lien, security interest, or priority authorized herein, nor shall it affect any use previously made of cash collateral pursuant to this order.

G. This order is without prejudice to the rights of the Debtor, after due notice and hearing, to seek modification hereof and/or an increased use of cash collateral, and is also without prejudice to the rights of the Bank, after due notice and hearing, to seek a modification of this order and/or additional adequate protection.

H. A final hearing for the Court to consider said motion is set for _March 1_, 2004 at _11:00_ a_.m. before this Court.

E. The Debtor shall transmit a notice of the final hearing to all known parties in interest no later than three days after the entry of this order.

Dated: February 11, 2004

BY THE COURT

_____
United States Bankruptcy Judge

AGREED TO:
AMERICAN UNITED BANK
By: _____

SILVO HARDWARE COMPANY
By: _____