UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| SILVO HARDWARE COMPANY | ) | CASE NO. 04-00038 CAD |
| | ) | |
| Debtor(s) | ) | HON. CAROL A. DOYLE |

**TRUSTEE'S APPLICATION FOR
COMPENSATION AND EXPENSES**

TO:   THE HONORABLE CAROL A. DOYLE
      BANKRUPTCY JUDGE

NOW COMES <u>GUS A. PALOIAN</u>, Trustee herein, pursuant to 11 U.S.C. §330, and requests $11,551.12 as compensation, $4,057.50 of which has previously been paid, and $0.00 for reimbursement of expenses, $0.00 of which has previously been paid.

## I. COMPUTATION OF COMPENSATION

Total Disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $165,850.00. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $4,500.00 | ($4,500.00 max.) |
| 05% of next $950,000.00 | $5,801.12 | ($47,500.00 max.) |
| 03% of balance | $0.00 | |

| | |
|---|---|
| TOTAL COMPENSATION ALLOWED | $11,551.12 |
| TOTAL COMPENSATION PAID | $4,057.50 |
| **COMPENSATION CURRENTLY REQUESTED** | **$7,485.00** |

TOTAL EXPENSES                                              $0.00

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 18th day of December, 2006.

/s/ Gus A. Paloian
SIGNATURE

GUS A. PALOIAN
131 S. DEARBORN
SUITE 2400
CHICAGO, IL  60603

**EXHIBIT E**
CH2 20196121.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In                                     re:)   Case No. 04-B-00038-CAD
                                          )   Chapter 7
SILVO HARDWARE COMPANY,                   )
                                          )   Hon. Carol A. Doyle
        Debtor.                           )
                                          )
_____)

### SECOND AND FINAL APPLICATION FOR ALLOWANCE AND
### PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN
### FOR THE PERIOD OF OCTOBER 11, 2004 THROUGH THE CLOSE OF THE CASE

Pursuant to 11 U.S.C. §§ 326(a) and 330(a), and Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2), 2016(a), and 9034(e), Gus A. Paloian, not individually, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee"), of the bankruptcy estate (the "Estate") of the above-captioned Debtor (the "Debtor") respectfully submits his second and final application (the "Application") for allowance and payment of compensation in the amount of $7,485.00 for services rendered during the period commencing October 11, 2004 through the close of this case (the "Application Period"). In support of this Application, the Trustee respectfully represents, as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2.      This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois.

3.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Consideration of this

Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).[1]

4.      The statutory and rule-based predicates for this Application are 11 U.S.C. §§

326(a) and 330(a), and Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2), 2016(a),

and 9034(e).[2]

## BACKGROUND

### Procedural Background

5.      On January 2, 2004 (the "Petition Date"), the Debtor filed its voluntary petition

for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330,

*as amended* (the "Bankruptcy Code"), thereby initiating the Case.

6.      On May 3, 2004, the Court entered that certain Order converting the Case to one

under Chapter 7.

7.      On May 5, 2004, Gus A. Paloian was appointed to serve as Trustee of the

Debtor's Estate and is duly-authorized and acting as such.

### Services Rendered By The Trustee

8.      During the Application Period covered by this Application, the Trustee performed

36.30 hours of actual and necessary services on behalf of the Estate, with a total value of

$7,485.00.  An itemized statement describing the Trustee's services is attached hereto as Exhibit

A.  Those services include, but are not limited, to the following:

---

[1] Pursuant to 28 U.S.C. § 157(b)(2), "[c]ore proceedings include . . . (A) matters concerning the administration of the estate; . . . [and] (M) orders approving the use . . . of property, including the use of cash collateral[.]"  28 U.S.C. 157(b)(2)(A) & (M).

[2] Unless otherwise noted, all references to code sections herein are made to title 11 of the United States Code, 11 U.S.C. §§ 101 - 1330 (the "Bankruptcy Code").  Similarly, and unless otherwise noted, all rule-related references herein are made to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

(a)     Reviewing the schedules and statements of financial affairs as filed by the Debtor;

(b)     Conducting a meeting of creditors pursuant to Section 341 of the Bankruptcy

Code;

(c)     Instructing counsel to prepare necessary pleadings and motions in the cases;

(d)     Prosecuting causes of action for the Estate, including fraudulent conveyance

actions;

(e)     Consulting with tax accountants with respect to evaluating the Estate's tax

obligations,

(f)     Reviewing claims filed by creditors;

(g)     Preparing and filing omnibus objections to claims; and

(h)     Maintaining Estate's bank accounts and investing the funds collected and

liquidated.

## APPLICABLE STANDARDS FOR TRUSTEE COMPENSATION

9.      Sections 326(a) and 330(a) of the Bankruptcy Code guide bankruptcy courts in

determining the amount of compensation to be awarded to Chapter 7 trustees.  See Staiano v.

Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d

1335, 1337 (9th Cir. 1997).  The provisions are, however, independent of one another. See In re

Stoecker, 118 B.R. 596, 601 (Bankr. N.D. Ill. 1990) (Squires, J.).

10.     Section 326(a) limits the maximum amount of compensation that may be awarded

to a Chapter 7 trustee.  See id.;  In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr.

N.D. Ill. 1989) (Schmetterer, J.).   This amount is "calculated by a percentage of the moneys

brought into the Estate by the trustee's services."  Churchfield Mgmt. & Inv. Corp., supra.  In

this respect, § 326(a) provides:

3

> In a case under chapter 7 . . . the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).[3]  "Numerous courts have held that this language fixes the maximum compensation a trustee may receive, with the court having the power to determine the reasonableness of the fees requested up to the statutory limit." In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11.    In the latter respect, the reasonableness of a fee request is determined under the factors enumerated in § 330.[4] See Stoecker, 118 B.R. at 601 (§ 330 prescribes the statutory standards for determining reasonable compensation to all professionals, including Chapter 7 trustees); Churchfield Mgmt. & Inv. Corp., 98 B.R. at 889 (same).  In this connection, the general standard for approving requests for compensation is stated in § 330(a)(1), as follows:

---

[3] Section 326(a) was amended by § 107 of the Bankruptcy Reform Act of 1994, Pub. L. 103-394 (Oct. 22, 1994).  The amendment became effective for all cases commenced after October 22, 1994.  Because the Debtor's case was commenced on December 30, 1994, see 11 U.S.C. § 303(b), amended § 326(a) applies herein.

[4] In a detailed exposition in In re East Peoria Hotel Corp., 145 B.R. 956 (Bankr. C.D. Ill. 1991), Judge Altenberger illustrated the congruence between § 330, the "Johnson factors" [derived from the case of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)] and the "Lodestar" approach.  As the court observed:

[T]hough the factors considered under Johnson, the "Lodestar" approach and Section 330 of the Bankruptcy Code are not identically termed, there is a sense of harmony between them and a court need not pick one over the others.  The end result would be the same, whatever approach was applied.  Although the tests are stated differently, the primary considerations are the same.

Id. at 962-63 (the court going on to demonstrate the parallelism between the tests by comprehensively comparing their relevant factors in table format).

After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, [or to] a professional person employed under section 327 or 1103–

(a)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(b)     reimbursement for actual, necessary expenses.[5]

11 U.S.C. § 330(a)(1).  Reasonableness is, thus, the touchstone of the analysis.  Section 330(a)(3) further informs the reasonableness analysis, as follows:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;  and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this

---

[5] With respect to expenses, the Trustee adheres to this Court's directive that: "(1) costs associated with facsimile transmissions shall be considered to be overhead, absent proof of an actual expense attributable to the particular case in which the request is made; (2) reimbursement of costs associated with photocopying shall be limited to 10 cents per page absent proof of actual expense in a greater amount."  Standing Order No. 8 (Sonderby, C.J., April 6, 2000).

title.

11 U.S.C. § 330(a)(3).

12.     Additionally, § 330(a)(4)(A) generally prohibits the court from allowing "compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's Estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

13.     "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.). A trustee's application for compensation provides the Court with the information necessary to deciding these issues.

14.     In this respect, "[a]n entity seeking compensation under Section 330 . . . must file with the Court, pursuant to Rule 2016 . . ., 'an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.'" In re Adventist Living Ctrs., Inc., 137 B.R. 701, 705 (Bankr. N.D. Ill. 1991) (Sonderby, C.J.) (quoting Fed. R. Bankr. P. 2016(a)).

15.     Properly presented, a fee application must list: (1) each activity as a separate entry[6]; (2) its date; (3) the attorney or professional who performed the activity; (4) a description of the nature and substance of the activity; and (5) the time spent thereon. In re Adventist Living Ctrs., Inc., 137 B.R. at 705. In this last respect, in Chapter 7 cases where the trustee has employed counsel, "the trustee's time records shall be maintained separately from the

---

[6] Lumping, which can take the form of clustering "several services regarding different tasks into one entry," or grouping "several services regarding the same task into one entry," is neither permissible nor compensable. In re Adventist Living Ctrs., Inc., 137 B.R. at 705.

time records of his or her counsel and all fees shall be subject to further order of the Court."

Standing Order No. 5 (Sonderby, C.J., March 27, 1998); accord Churchfield Mgmt. & Inv.

Corp., 98 B.R. at 891 ("[T]he statutory standard for trustees is the same as that for attorneys for

whom time entries have long been required.").

16.    "The applicant carries the burden of establishing the reasonableness of its fees.

Additionally, the application must stand on its own merits." Adventist Living Ctrs., 137 B.R. at

705 (citations omitted); accord In re Kenneth Leventhal & Co., 19 F.3d 1174, 1177 (7th Cir.

1994); In re Famisaran, 224 B.R. 886, 897 (Bankr. N.D. Ill. 1998) (Squires, J.).  This is true

whether the applicant is a professional employed by the estate or the trustee appointed to

represent it.  "Like any other court appointee requesting compensation out of assets of the estate,

the Trustee [is] obligated to bear the burden of proving all aspects of the worth of his services

and the magnitude of his compensation award." In re Leedy Mortgage Co., 126 B.R. 907, 917

(Bankr. E.D. Pa. 1991) (collecting cases); see Stoecker, 118 B.R. at 601.

17.    "The Bankruptcy Court has wide discretion in reviewing fee applications." In re

Prairie Cent. Ry. Co., 87 B.R. at 956; see also Kennedy v. Rams Hill, LLC (In re Borrego

Springs Dev. Corp.), 253 B.R. 271, 285 (S.D. Cal. 2000) ("[I]t is the bankruptcy court's

exclusive province to determine the reasonable compensation for a trustee's services under

section 330(a).").  This discretion includes the authority to award compensation that is either

less than or greater than the amount of the requested compensation. See 11 U.S.C. §§ 328(a)

(court may award professional person employed by trustee or committee "compensation different

from the compensation provided under such terms and conditions after the conclusion of such

employment, if such terms and conditions prove to have been improvident . . . .") & 330(a)(2)

(bankruptcy court may award compensation less than that requested); In re Consolidated

7

Bancshares, Inc., 785 F.2d 1249, 1257 (5th Cir. 1986) (the award of fee enhancements is discretionary with the bankruptcy court);  see, e.g., In re Hillsborough Holdings Corp., 191 B.R. 937,  940-41 (Bankr. M.D. Fla. 1995) (bankruptcy court awarding, sua sponte, fee enhancements of between five and ten percent each, to committee counsel, debtor's counsel, and other attorneys in case).

18.    In the latter respect, bankruptcy courts are permitted to award fee enhancements based upon the quality of services provided by professionals. See P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 732 (8th Cir. 1992); see also In re UNR Indus., Inc., 986 F.2d 207, 211 (7th Cir. 1993) (Seventh Circuit agreeing that fee enhancements for quality are not prohibited); cf. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (acknowledging permissibility of fee enhancements in non-bankruptcy context).

## PRIOR REQUEST FOR COMPENSATION

19.    On October 14, 2004, the Trustee filed his First Interim Application for Compensation in which the Trustee sought interim compensation in the amount of $4,057.50. Pursuant to this Court's order dated November 3, 2004, the Trustee was awarded $4,057.50.

20.    As part of this Application, the Trustee requests that the monies awarded and paid to Trustee pursuant to the First Interim Application be deemed final.

## TRUSTEE'S FINAL REQUEST FOR COMPENSATION

21.    In this Second and Final Application for Compensation, The Trustee requests compensation in the amount of $7,485.00, based upon Section 326(a) of the Code, calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 disbursed | = $1,250.00 |
| 10% of the next $45,000 disbursed | = $4,500.00 |
| 5% of the next $950,000.00 disbursed | = $5,801.12 |

8

MAXIMUM COMPENSATION ALLOWABLE          = $11,551.12

PREVIOUS COMPENSATION ALLOWED AND PAID  = $ 4,057.50

**COMPENSATION ALLOWED**                      **$7,493.62**

22.     As of November 30, 2006, the Trustee collected $166,022.42 for the benefit of the Estate and disbursed $98,108.00.  The Trustee does not anticipate that any surplus funds will be paid back to the Debtor and anticipates that all available funds will be distributed to the Estate' creditors.

23.     During the Application Period, the Trustee has performed 36.30 hours of service on behalf of the Estate with a total value of $7,485.00.

24.     The Trustee believes that the compensation is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

25.     Based upon the foregoing, the Trustee requests final compensation in the amount of $7,485.00.

WHEREFORE, Gus A. Paloian, as Trustee of the Estate of Debtor Silvo Hardware Company, respectfully requests that the Court enter an Order:

A.      Allowing and awarding final compensation to the Trustee in the amount of $7,485.00;

B.      Directing the Trustee to pay said monies upon filing of his final distribution report;

C.      Allowing such monies previously awarded and disbursed to Trustee as interim compensation to be deemed final; and

9

D.      Granting such other and further relief as the Court deems just and proper.

Dated:  November 30, 2006.

Respectfully Submitted,

**GUS A. PALOIAN, not individually, but solely as Trustee of the Silvo Hardware Company Bankruptcy Estate**

By:/s/
              Gus A. Paloian, Trustee

              Gus A. Paloian, Esq. (06188186)
              SEYFARTH SHAW LLP
              131 South Dearborn Street
              Suite 2400
              Chicago, Illinois  60603
              312-460-5000

10

## TRUSTEE

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 10/11/04 | J. McManus | 0.70 | 108.50 | Update TCMS properties and claims. |
| 10/18/04 | J. McManus | 0.40 | 62.00 | Letter to A. Zechelli, creditor with a small claims case in Massachusetts. |
| 10/21/04 | J. McManus | 0.50 | 77.50 | Enter scheduled assets into TCMS. |
| 11/04/04 | J. McManus | 0.30 | 46.50 | Draft fee payment check (.10); memorandum to B. Bilotta regarding same (.20). |
| 11/04/04 | J. McManus | 0.40 | 62.00 | Update Forms 1 & 2. |
| 11/24/04 | J. McManus | 0.60 | 93.00 | Deposit settlement funds received pursuant to demand letter (.30); update banking file (.30). |
| 12/02/04 | J. McManus | 0.50 | 77.50 | Update case file. |
| 12/08/04 | J. McManus | 0.30 | 46.50 | Reconcile bank accounts and update banking file. |
| 12/20/04 | G. Paloian | 0.40 | 156.00 | Review e-mails regarding product returns and proofs of claim. |
| 12/22/04 | J. McManus | 0.20 | 31.00 | Attend to year end bank filing. |
| 01/06/05 | J. McManus | 0.30 | 49.50 | Reconcile bank accounts and update banking file. |
| 01/19/05 | G. Paloian | 0.20 | 82.00 | Review status of case closing. |
| 02/14/05 | J. McManus | 0.20 | 33.00 | Reconcile bank accounts and update banking file. |
| 02/25/05 | J. McManus | 0.30 | 49.50 | Letter to creditor in response to reimbursement inquiry. |
| 03/07/05 | J. McManus | 0.30 | 49.50 | Reconcile bank accounts and update banking file. |
| 03/16/05 | J. McManus | 0.20 | 33.00 | Telephone conference with L. West regarding tax returns. |
| 03/18/05 | G. Paloian | 0.30 | 123.00 | Conference regarding tax returns. |
| 04/05/05 | J. McManus | 0.30 | 49.50 | Reconcile bank accounts and update banking file. |
| 04/11/05 | G. Paloian | 0.30 | 123.00 | Review status of closing of Estate. |
| 04/22/05 | J. McManus | 0.20 | 33.00 | Draft check to Seyfarth pursuant to Court Order dated 4/19/05 (.10); memorandum regarding same. |
| 04/25/05 | J. McManus | 0.40 | 66.00 | Deposit checks received from Debtor's counsel (.30); telephone call to payor of 7 checks regarding outdated checks and request for replacement (.10). |
| 04/26/05 | J. McManus | 0.30 | 49.50 | Communicate with ALC regarding replacement checks. |
| 04/26/05 | J. McManus | 0.30 | 49.50 | Update case file. |
| 04/29/05 | J. McManus | 0.30 | 49.50 | Letter to ALC regarding replacement checks. |
| 05/17/05 | J. McManus | 0.30 | 49.50 | Deposit refunds received from ALC into Estate account. |
| 05/17/05 | J. McManus | 0.30 | 49.50 | Reconcile bank accounts and update banking file. |
| 05/31/05 | J. McManus | 0.40 | 66.00 | Enter claims resolutions into TCMS. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 06/02/05 | J. McManus | 0.30 | 49.50 | Review file regarding prior tax returns (.10); assemble tax return materials for L. West (.10); communications with L. West regarding preparation of tax returns (.10). |
| 06/09/05 | J. McManus | 0.60 | 99.00 | Letter to L. Kallen regarding fee payment (.40); draft check to Kallen & Foster regarding same (.20). |
| 06/15/05 | J. McManus | 0.20 | 33.00 | Reconcile bank accounts and update banking file. |
| 07/12/05 | J. McManus | 0.20 | 33.00 | Reconcile bank accounts and update bank accounts. |
| 08/10/05 | J. McManus | 0.50 | 82.50 | Conference with L. Chronowski regarding status of Zirin settlement (.10); review Zirin claims to determine treatment and withdrawal of same (.30); conference with G. Paloian regarding same (.10). |
| 08/16/05 | G. Paloian | 0.40 | 164.00 | Review file regarding preparation of Final Report. |
| 08/16/05 | J. McManus | 0.20 | 33.00 | Review insider claims and discuss status with G. Paloian. |
| 08/17/05 | J. McManus | 0.20 | 33.00 | Discuss terms of settlement and insider claims issues with L. Chronowski. |
| 08/17/05 | J. McManus | 0.30 | 49.50 | Conference with G. Paloian regarding Settlement Agreement (.20); enter same into TCMS properties (.10). |
| 08/18/05 | J. McManus | 0.50 | 82.50 | Run draft final report for G. Paloian. |
| 08/18/05 | G. Paloian | 0.80 | 328.00 | Review file regarding Final Report. |
| 08/22/05 | G. Paloian | 0.60 | 246.00 | Review file regarding Final Report. |
| 08/30/05 | J. McManus | 0.30 | 49.50 | Deposit settlement funds (.20); update properties in TCMS (.10). |
| 08/31/05 | J. McManus | 0.80 | 132.00 | Enter claims objections into TCMS (.50); review claims register regarding any outstanding claims to be resolved (.30). |
| 09/06/05 | J. McManus | 0.20 | 33.00 | Reconcile bank accounts and update banking file. |
| 09/20/05 | J. McManus | 0.30 | 49.50 | Deposit accounts receivable funds. |
| 09/22/05 | J. McManus | 0.30 | 49.50 | Deposit settlement funds. |
| 09/26/05 | J. McManus | 0.10 | 16.50 | Telephone conference with creditor's attorney regarding case status. |
| 09/28/05 | J. McManus | 0.50 | 82.50 | Telephone conference with accountant regarding tax returns (.10); review tax returns in preparation for filing (.40). |
| 10/03/05 | J. McManus | 0.90 | 148.50 | Review tax returns received from L. West (.30); assemble and file same (.20); prepare prompt determination letter to IRS and IDOR (.40). |
| 10/04/05 | J. McManus | 0.50 | 82.50 | Telephone conference with L. Kallen regarding uncashed check for payment of his fees (.10); reissue check to Foster & Kallen (.20); draft letter regarding same (.20). |
| 10/05/05 | G. Paloian | 0.30 | 123.00 | Attend to tax returns. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 10/10/05 | J. McManus | 0.30 | 49.50 | Reconcile bank accounts and update banking file. |
| 11/03/05 | J. McManus | 0.20 | 33.00 | Reconcile bank accounts and update banking file. |
| 11/10/05 | J. McManus | 0.40 | 66.00 | Review case regarding closing (.20); discuss same with G. Paloian (.20). |
| 11/29/05 | J. McManus | 0.80 | 132.00 | Deposit settlement funds (.40); run draft distribution report (.40). |
| 12/07/05 | J. McManus | 0.40 | 66.00 | Enter ordered claims into TCMS. |
| 12/13/05 | J. McManus | 0.40 | 66.00 | Reconcile bank account and update banking file. |
| 12/15/05 | J. McManus | 0.30 | 49.50 | Review payment installment letter regarding provisions (.10); conference with G. Paloian regarding same (.20). |
| 12/19/05 | J. McManus | 0.20 | 33.00 | Update banking file. |
| 01/03/06 | J. McManus | 0.20 | 36.00 | Deposit settlement check received from Solution Systems. |
| 01/18/06 | J. McManus | 0.30 | 54.00 | Reconcile bank accounts and update banking file. |
| 02/02/06 | J. McManus | 0.20 | 36.00 | Deposit settlement funds. |
| 02/09/06 | J. McManus | 0.30 | 54.00 | Reconcile bank accounts and update banking file. |
| 02/14/06 | J. McManus | 0.90 | 162.00 | Update bank filing (.20); telephone conference with L. West regarding 2005 tax returns (.20); run Forms 1 & 2 regarding same (.10); run draft Distribution Report (.40). |
| 03/02/06 | J. McManus | 0.30 | 54.00 | Telephone conference with L. West regarding tax returns (.10); retrieve and forward Forms 1 & 2 regarding same (.20). |
| 03/06/06 | J. McManus | 0.90 | 162.00 | Deposit final settlement installment (.20); telephone conference with L. West confirming same (.10); review claims ledger regarding closing (.10); enter resolutions from claims objections into TCMS claims ledger (.50). |
| 03/09/06 | J. McManus | 0.30 | 54.00 | Reconcile bank accounts and update banking file. |
| 03/10/06 | G. Paloian | 0.50 | 220.00 | Review tax returns (.20); prepare prompt determination letters (.30). |
| 03/13/06 | J. McManus | 1.30 | 234.00 | Review tax returns received from accountant (.20); prepare prompt determination letters to the IRS and the IDOR and forward same (.40); file tax returns (.30); run new Form 2 for L. West regarding final return (.10); review claims in TCMS regarding case closing (.20). |
| 04/14/06 | G. Paloian | 0.20 | 88.00 | Prepare Final Report. |
| 04/20/06 | G. Paloian | 0.50 | 220.00 | Telephone call regarding 2005 tax return and responses on prompt determination requests. |
| 04/20/06 | J. McManus | 0.60 | 108.00 | Telephone conference with L. West regarding 2005 final returns (.20); conference with G. Paloian regarding case closing (.10); run draft Final Report (.30). |
| 05/10/06 | J. McManus | 0.30 | 54.00 | Reconcile bank accounts and update banking file. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/15/06 | J. McManus | 0.50 | 90.00 | Read Final Report and review distribution to unsecured creditors (.40); conference with G. Paloian regarding same (.10). |
| 05/17/06 | N. Rice | 0.10 | 8.50 | Update service list. |
| 06/06/06 | J. McManus | 0.30 | 54.00 | Update claims on TCMS. |
| 06/27/06 | R. Knapp | 0.60 | 105.00 | Review cash balance of estate (.10); transfer funds for payment of interim compensation per court order (.20); input additional administrative expense claim (.20); prepare check in payment of claim per court order (.10). |
| 07/12/06 | J. McManus | 0.20 | 36.00 | Reconcile bank accounts and update banking file. |
| 08/09/06 | J. McManus | 0.20 | 36.00 | Reconcile bank accounts and update banking file. |
| 08/16/06 | G. Paloian | 0.80 | 352.00 | Telephone conference with Elliott Baum regarding case closing and distribution to creditors (.20); conference regarding case closing (.30); review status of tax returns completion (.30). |
| 08/16/06 | J. McManus | 1.20 | 216.00 | Work on Final Report (.60); communications with E. Baum regarding case closing and distribution matters (.10); conference with G. Paloian regarding closing matters (.20); review filed tax returns (.10); telephone conference with L. West regarding case closing and final returns (.20). |
| 09/06/06 | J. McManus | 0.30 | 54.00 | Reconcile bank accounts and update banking file. |
| 09/11/06 | J. McManus | 1.10 | 198.00 | Work on Final Report. |
| 09/12/06 | J. McManus | 0.80 | 144.00 | Prepare Final Report. |
| 09/18/06 | J. McManus | 0.70 | 126.00 | Work on Final Report. |
| 11/06/06 | J. McManus | 0.60 | 108.00 | Reclassify claims in TCMS. |
| 11/07/06 | J. McManus | 0.30 | 54.00 | Review distribution report. |
| 11/08/06 | J. McManus | 0.60 | 108.00 | Work on Final Report. |
| **TOTAL** | | **36.30** | **$7,485.00** | |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

SILVO HARDWARE COMPANY

Debtor.

Chapter 7
Case No. 04-00038-CAD

Hon. Carol A. Doyle

## ORDER AWARDING TRUSTEE FEES

Upon the Second and Final Application (the "Application") for Allowance and Payment of Compensation to Chapter 7 Trustee Gus A. Paloian (the "Trustee") for the period of October 11, 2004, through the close of this case (the "Application Period"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been provided and no other or further notice being required; and the Court having reviewed the Application and having heard the statement in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and

IT IS FURTHER ORDERED that the Trustee is allowed $7,485.00 as reasonable final compensation (the "Trustee Fees") for actual and necessary services performed as Chapter 7 Trustee during the Application Period; and

IT IS FURTHER ORDERED that the Trustee is authorized and directed to pay the Trustee Fees to himself from the funds held on account in the above-captioned case.

Dated:

_____

Honorable Carol A. Doyle
United States Bankruptcy Judge