IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 04-00038 |
| | ) | |
| SILVO HARDWARE COMPANY, | ) | Chapter 7 |
| | ) | (Substantively Consolidated) |
| Debtor. | ) | |
| | ) | Honorable: Carol A. Doyle |
| | ) | |
| | ) | |

## FOURTH AND FINAL APPLICATION OF SEYFARTH, SHAW LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT AS COUNSEL FOR TRUSTEE

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "Bankruptcy Code"), Seyfarth Shaw LLP ("Seyfarth"), as general counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the consolidated bankruptcy estates (the "Estates") of the above captioned Debtor (the "Debtor"), hereby submits its fourth and final application for compensation and reimbursement of expenses (the "Application") for legal services performed and expenses incurred as general counsel to the Trustee during the period commencing on April 1, 2006 through the close of this case (the "Application Period"), and for other related relief. In support of this Application, Seyfarth respectfully represents, as follows:

### INTRODUCTION

1. Seyfarth makes this Application pursuant to: (A) Sections 105(a) and 330 of the Bankruptcy Code; (B) Rule 2016 of the Federal Rules of Bankruptcy Procedure (singularly, a "Rule"; collectively, the "Rules"); (C) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee (the "Guidelines"); (D) Rule

CH2 20196247.12

5082-1 of the Local Bankruptcy Rules (the "Local Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court"); (E) that certain Order authorizing and approving the employment of Seyfarth as the Trustee's general counsel; and (F) other applicable case law (collectively, the "Authorities for Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2. In making this Application, Seyfarth respectfully seeks an Order of this Court awarding and directing payment from the Estate of (i) allowance of compensation in the amount of $5,941.50 (the "Fees") for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period, and (ii) reimbursement of actual and necessary expenses in the amount of $65.40 (the "Expenses") incurred by Seyfarth in connection with rendering such professional services to the Trustee in the above-captioned case (the "Case").

## JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

4. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

5. Venue of the Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1)(A), (M), and/or (O).

CH2 20196247.1

7. The predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 330, as supported by Rules 2002(a)(6), 2016(a), and 9034(e), and Local Rule 5082-1.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 2, 2004 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "Bankruptcy Code"), thereby initiating the Case.

2. On May 3, 2004, the Court entered that certain Order converting the Case to one under Chapter 7.

3. On May 5, 2004, Gus A. Paloian was appointed to serve as Trustee of the Debtor's Estate and is duly-authorized and acting as such.

8. On June 16, 2004, the Court entered the Employment Order, authorizing and approving Seyfarth's retention by the Trustee retroactive to May 5, 2004. (A copy of the Order of employment is attached hereto as **Exhibit 1**.)

## SUMMARY OF SERVICES RENDERED BY SEYFARTH TO THE TRUSTEE

9. This is Seyfarth's Fourth and Final Application for Compensation and Reimbursement of Expenses. In this Application, Seyfarth seeks the allowance of $5,941.50 in compensation for reasonable and necessary services rendered on behalf of the Trustee and $65.40 in expense reimbursement for actual out-of-pocket expenditures made during the Application Period.

10. During the Application Period, Seyfarth attorneys have rendered 30.90 hours of professional services on behalf of the Trustee. All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.

CH2 20196247.1

11. In an effort to assist in evaluating this Application, Seyfarth has characterized its services into the following three (3) separate subject matters. All of these services are individually identified in chronological order and by subject matter in **Exhibit 2**.

### A. Claims Administration and Analysis

Category A contains time expended by Seyfarth during the Application Period for legal services rendered in connection with the review, analysis and resolution of claims objections. In connection with the foregoing, Seyfarth, among other things, analyzed the claim register and the claims filed in the case; Seyfarth issued letters to creditors in an attempt to resolve the Trustee's objections to certain claims; Seyfarth followed up on omnibus objections orders; and Seyfarth analyzed and verified the Trustee's proposed final distribution of claims in the case.

During the Application Period, Seyfarth expended 8.70 hours and incurred fees in the amount of $1,548.00 in connection with these services.

### B. Court Hearings

Category B contains time expended by Seyfarth in connection with the attendance at various court hearings in connection with the case.

During the Application Period, Seyfarth expended .90 hours and incurred fees in the amount of $340.00 in connection with these services.

### C. Fee Applications

Category C contains time expended by Seyfarth during the Application Period for legal services rendered in connection with the preparation of the Seyfarth's Third Interim Fee Application; the preparation of the Seyfarth's Fourth and Final Interim Application, the preparation of Trustee's Second and Final Fee Application; and the preparation of the Final Fee Application of the Trustee's Accountants.

CH2 20196247.1

During the Application Period, Seyfarth expended 21.30 hours and incurred fees in the amount of $4,053.50 in connection with these services.

14. The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $5,941.50. A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | 2006 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $440.00 | 1.00 | $440.00 |
| Charles S. Riecke | Associate | $300.00 | 2.90 | $870.00 |
| Jennifer M. McManus | Paralegal | $180.00 | 17.90 | $3,222.00 |
| Ricky Knapp-Podorovsky | Paralegal | $175.00 | 7.30 | $1,277.50 |
| Nina Rice | Case Assistant | $85.00 | 1.20 | $102.00 |
| **TOTAL** | | | **30.90** | **$5,941.50** |

This table indicates the respective hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

15. During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

CH2 20196247.1

16. All of the Fees for which Seyfarth requests allowance were rendered and/or incurred in connection with the Case and in the discharge of Seyfarth's professional responsibilities as general counsel to the Trustee.

17. Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

## REASONABLENESS OF COMPENSATION REQUESTED

18. In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee. Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided. Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

19. Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

20. Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings or depositions.

21. Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

## COSTS FOR WHICH REIMBURSEMENT IS REQUESTED

22. From April 1, 2006 through the close of this case, Seyfarth incurred expenses aggregating $65.40. The expenses are the actual and necessary expenses incurred by Seyfarth during the Application Period and in connection with representation of the Trustee in the case.

CH2 20196247.1

23. Seyfarth Shaw has not requested reimbursement for facsimile charges, routine postage or secretarial overtime, as these charges are included in Seyfarth's hourly rates as part of its overhead.

24. Annexed hereto as **Exhibit 3** is an itemized statement of expenses. Exhibit 3 sets forth the date, type, amount and brief description of the expenses incurred. The expenses consist entirely of copy charges at .10¢ per page.

### STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

26. Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or reimbursement received as a result of this case with any person, firm or entity. No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of this case.

### FINAL ALLOWANCE

27. Seyfarth previously has filed three applications for and been awarded interim compensation and expense reimbursement in this case (collectively, the "Interim Applications") as follows:

| Prior Application | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| 1st Fee Application | 05/10/04 – 09/30/04 | $14,934.87 | $14,934.87 |
| 2nd Fee Application | 10/01/04 – 01/03/05 | $11,535.78 | $11,535.78 |
| 3rd Fee Application | 01/01/05 – 03/31/06 | $18,133.72 | $18,133.72 |

28. Seyfarth respectfully seeks an Order of this Court awarding and allowing that interim compensation and expense reimbursement previously allowed and paid to Seyfarth be awarded and deemed as final compensation and expense reimbursement in these cases.

CH2 20196247.1

## **RELIEF REQUESTED**

WHEREFORE, Seyfarth requests the entry of an Order:

A. Allowing Seyfarth Shaw final compensation in the total amount of $5,941.50;

B. Allowing Seyfarth Shaw final expense reimbursement in the amount of $65.40;

C. Authorizing the Trustee to pay to Seyfarth Shaw the amount of $5,941.50 in compensation and $65.40 in expense reimbursement as part of his final distribution in this case;

D. Awarding all amounts previously paid to Seyfarth Shaw as interim compensation and expense reimbursement be deemed final; and

E. Granting such other and further relief as this Court deems proper.

Dated: December 18, 2006        Respectfully submitted,

GUS A. PALOIAN, not individually,
but as Trustee for the Chapter 7 Bankruptcy
Estate of Salvo Hardware Company


By:/s/Gus A. Paloian
    Gus A. Paloian, Esq.
    SEYFARTH SHAW LLP
    Suite 2400
    131 South Dearborn Street
    Chicago, Illinois  60603
    (312) 460-5000

CH2 20196247.1

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 04-B-00038 |
| ) | Chapter 7 |
| SILVO HARDWARE COMPANY, ) | |
| ) | Hon. Carol A. Doyle |
| Debtor. ) | |
| ) | |

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN RETROACTIVE TO MAY 5, 2004

Upon the Application (the "Application") of Chapter 7 Trustee Gus A. Paloian (the "Trustee") to Retain and Employ Seyfarth Shaw LLP ("Seyfarth") as His Counsel Retroactive to May 5, 2004; and upon the Declaration of William J. Factor (the "Factor Declaration"); due and adequate notice of the Application having been provided and no other or further notice being required; the Court being satisfied based on the representations made in the Application and the Factor Declaration that Seyfarth is disinterested and does not represent any interest adverse to the above-captioned Debtor's bankruptcy estate (the "Estate"); the Court finding that its authorization of the Trustee to act as attorney for the Estate is in the best interest of the Estate; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the retention and employment of Seyfarth as the Trustee's counsel is authorized and approved on the terms and conditions stated in the Application and the Factor Declaration, effective as of May 5, 2004.

Dated: June 16, 2004

_____
HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE

CHI 10707089.1

**EXHIBIT 2**

## CLAIMS ADMINISTRATION AND ANALYSIS

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/02/06 | J. McManus | 1.20 | 198.00 | Prepare additional claims objection regarding reclassifying claims. |
| 04/22/06 | J. McManus | 0.40 | 72.00 | Claims review in preparation of final report (.30); conference with G. Paloian regarding same (.10). |
| 05/05/06 | J. McManus | 0.50 | 90.00 | Attend to outstanding unresolved claims matters (.20); letter to O'Berry Enterprises regarding Agreed Order (.30). |
| 05/15/06 | J. McManus | 0.30 | 54.00 | Attend to claims resolutions for 4 remaining claims. |
| 05/23/06 | J. McManus | 0.50 | 90.00 | Review claims to determine that all are resolved for case closing (.20); telephone conferences regarding Agreed Orders regarding various claims (.30). |
| 08/08/06 | J. McManus | 0.70 | 126.00 | Conference with G. Paloian regarding claims resolutions (.20); review claims register regarding same (.10); review outstanding unresolved claims (.40). |
| 10/20/06 | J. McManus | 0.60 | 108.00 | Update claims ledger in TCMS for Final Report. |
| 11/07/06 | J. McManus | 0.50 | 90.00 | Letters to claimants to confirm that claims should reflect no amount. |
| 11/08/06 | J. McManus | 0.90 | 162.00 | Final review of claims register and compare with TCMS ledger. |
| 11/09/06 | J. McManus | 1.20 | 216.00 | Continue final review of claims (249 claims) for distribution purposes. |
| 11/15/06 | J. McManus | .90 | 162.00 | Conferences with G. Paloian regarding three outstanding claims (.20); telephone conferences with claimants regarding Agreed Orders and/or letter agreements (.30); prepare Agreed Orders for two of the claims (.40). |
| 11/22/06 | J. McManus | .90 | 162.00 | Numerous communications with Aquaport president regarding resolving classification of claim (.20); prepare claim objection (.40); telephone conversations (2) with counsel for Aquaport regarding claim resolution (.20); conference with G. Paloain regarding same (.10); prepare Agreed Order and forward same (.20). |
| 11/24/06 | J. McManus | .10 | 18.00 | Adjust claims ledger in TCMS accordingly. |
| **TOTAL** | | **8.70** | **$1,548.00** | |

## COURT APPEARANCES

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 06/27/06 | G. Paloian | 0.50 | 220.00 | Appear in court on fee applications. |
| 06/27/06 | C. Riecke | 0.40 | 120.00 | Prepare for Court (.10); attend hearing on Seyfarth fee application (.30). |
| **TOTAL** | | **0.90** | **$ 340.00** | |

## FEE APPLICATIONS

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/14/06 | G. Paloian | 1.10 | 198.00 | Prepare fee applications. |
| 04/17/06 | N. Rice | 0.50 | 42.50 | Assist J. McManus with revisions to fee application. |
| 04/17/06 | J. McManus | 1.30 | 234.00 | Prepare Seyfarth's Third Interim Fee Application (1.00); telephone conference with R. Podorovsky regarding same (.30). |
| 04/18/06 | J. McManus | 0.30 | 54.00 | Revise Third Interim Fee Application (.20); conference with R. Podorovsky regarding same (.10). |
| 04/18/06 | R. Knapp | 0.20 | 35.00 | Telephone conversation with J. McManus regarding preparation of fee application. |
| 04/18/06 | G. Paloian | 0.50 | 220.00 | Prepare Fee Application. |
| 04/19/06 | R. Knapp | 0.20 | 35.00 | Follow-up telephone conversation with J. McManus regarding preparation of fee application and discuss questions thereto. |
| 04/20/06 | J. McManus | 0.80 | 144.00 | Prepare draft fee applications for R. Podorovsky (.60); assemble time detail regarding same (.20). |
| 04/21/06 | R. Knapp | 1.70 | 297.50 | Correspondence to and from Charles Riecke regarding preparation of fee application (.30); review, edit and revise statement of services for attachment to fee application (1.30); correspondence to G. Paloian re: same (.10). |
| 04/21/06 | C. Riecke | 0.20 | 60.00 | Review and clean-up time detail for fee application. |
| 04/24/06 | R. Knapp | 1.20 | 210.00 | Edit fee application, including preparation of coversheet, and statement of services. |
| 04/24/06 | N. Rice | 0.20 | 17.00 | Prepare service list for service of fee application. |
| 04/25/06 | R. Knapp | 1.50 | 262.50 | Edits to coversheet to include information about prior interim fee applications (.30); edit fee application regarding descriptions for category of services (.60); edit service lists to include IRS and verify proper service address for same (.30); prepare memorandum to N. Rice regarding preparation of exhibits for fee application (.20). |
| 04/27/06 | R. Knapp | 2.50 | 437.50 | Edits to fee application per C. Riecke (.80); review and verify fee application for accuracy (.80); edit fee application and related documents for service date (.20); verify data in tables with attorney breakdowns and edit fee applications (.70). |
| 04/27/06 | N. Rice | 0.50 | 42.50 | Assist in preparation of fee application for R. Knapp-Podorovsky. |

3

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/27/06 | C. Riecke | 1.10 | 330.00 | Review and revise Seyfarth fee application (.80); several office conferences with R. Knapp regarding same (.10); review time detail regarding same (.20). |
| 04/28/06 | C. Riecke | 0.40 | 120.00 | Review and revise fee application. |
| 05/02/06 | J. McManus | 0.40 | 72.00 | Revise fee application service list. |
| 05/03/06 | C. Riecke | 0.30 | 90.00 | Finalize Seyfarth's Third Interim Fee Application (.20); office conference with J. McManus regarding tables revision (.10). |
| 05/04/06 | J. McManus | 1.30 | 234.00 | Revise fee application, certificate of service and notice (.50); cause fee application to be filed with the Court (.50); oversee service of same (.30). |
| 09/27/06 | J. McManus | 1.30 | 234.00 | Prepare Final Seyfarth Fee Application. |
| 10/27/06 | J. McManus | 1.20 | 216.00 | Prepare Final Trustee Fee Application. |
| 11/08/06 | J. McManus | 1.40 | 252.00 | Revise Final Trustee and Seyfarth Fee Applications. |
| 11/24/06 | J. McManus | 1.20 | 216.00 | Finalize Fee Applications for Seyfarth and Trustee (.70); prepare and revise Accountant Fee Application (.50). |
| **TOTAL** | | **21.30** | **$4,053.50** | |

4

| **Total Fees** | **Hours** | **Value** |
|---|---|---|
| Fee Applications | 21.30 | $4,053.50 |
| Claims Administration and Analysis | 8.70 | $1,548.00 |
| Court Appearances | 0.90 | $340.00 |
| | **30.90** | **$5,941.50** |

**EXHIBIT 3**

## DISBURSEMENTS

| Date | Disbursements | Value |
|---|---|---|
| 05/04/06 | Copying $.10 per page | 59.20 |
| 10/17/06 | Copying | 6.20 |

**TOTAL DISBURSEMENTS** $ 65.40

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 04-00038 |
| ) | |
| SILVO HARDWARE COMPANY, ) | Chapter 7 |
| ) | (Substantively Consolidated) |
| Debtor. ) | |
| ) | Honorable: Carol A. Doyle |
| ) | |
| ) | |

### ORDER ALLOWING SEYFARTH SHAW LLP FEES AND EXPENSES

Upon the Fourth and Final Application (the "Application") of Seyfarth Shaw ("Seyfarth") for Allowance of Compensation as Counsel to Chapter 7 Trustee Gus A. Paloian ("Trustee"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been provided and no other or further notice being required; and the Court having reviewed the Application and having heard the statement in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted;

IT IS FURTHER ORDERED that Seyfarth is allowed $5,941.50 in final compensation;.

CH2 20196247.1

IT IS FURTHER ORDERED that Seyfarth is allowed $65.40 in final expense reimbursement;

IT IS FURTHER ORDERED that all amounts previously paid to Seyfarth as interim compensation and expense reimbursement be deemed final; and

IT IS FURTHER ORDERED that the Trustee is authorized and directed to pay Seyfarth the amount of $5,941.50 in compensation and $65.40 in expense reimbursement as part of his final distribution in this case.

Dated:

_____
Honorable Carol A. Doyle
United States Bankruptcy Judge

CH2 20196247.1